**TUFELE FAIAOGA of Fitiuta, Manua, Plaintiff**
v.
**MALIA, LUTU SIMAILE, AFOA TUPUOLA,**
**all of Fagatogo, Tutuila, Defendants**

No. 29-1963

High Court of American Samoa

Civil Jurisdiction, Trial Division

August 19, 1963

Puiai, Counsel for the plaintiffs.
Lutu, Counsel for the defendants.

MORROW, *Chief Justice.*

Plaintiff filed his petition against the defendants praying for a mandatory injunction and eviction of the defendants from certain land in the Village of Fagatogo. All parties appeared at the hearing and participated therein except Malia, who was in Hawaii when the hearing was had. The plaintiff dismissed his petition without prejudice with respect to Malia, and she ceased to be a party in the case.

Plaintiff Tufele claims that he himself and other heirs of Tufele Sililauga, who died in 1923, and his sister Malamaisaua, who died in 1915, are the owners of the land involved in this case. Defendants Lutu and Afoa claim that the land is communal property of the Lutu-Afoa-Tupua-Taesali Family.

Without doubt this land was the property of the Lutu-Afoa-Tupua-Taesali Family when Tufele Sililauga came from Manua a few years after the Government was established in 1900 to serve in the Fita Fita Guard and Band. When he came he had no place in Tutuila to live, and the Lutu people took him and some of his aiga from Manua in to live with them on this land. Sometime after that Tufele Sililauga built a house on the land for himself and his aiga to use so long as he should be in the Fita Fita Guard and Band. When he completed his service therein, he returned to Manua.

In 1910 Tufele S. had some land in Fagatogo registered which plaintiff Tufele claims to be the land involved in this case, the registration being recorded in Vol. 1, Native Titles, pp. 163–164. Plaintiff Tufele also claims under a deed from Afoa and Mailo.

The point of beginning in the survey, which was made in 1908 and which accompanied the registration, is an orange tree. It is the only monument indicated on the survey. The

orange tree is no longer in existence, and it is not known exactly where it was located.

The survey itself is grossly inaccurate and it does not close. In other words, it is just a crooked line. The total of the departures to the east and total to the west differ by 17 feet while the total of the latitudes north and the total south differ by eight feet. The survey shows the area as $42/100$ of an acre. With such a small area, the error is very substantial.

A resurvey was made in 1963 by Tuaolo, a licensed surveyor. However, an accurate retracing of an inaccurate survey would necessarily be inaccurate. In other words, an accurate retracing of a survey that does not close would also not close. However in this case, the resurvey must of necessity be only an approximation since the starting point could not be located, the orange tree having disappeared long ago.

The resurvey shows that part of defendant Lutu's house is inside it; also that a part of defendant Afoa Tupuola's house (it is occupied by his son upon his authority) is likewise inside the resurvey.

We are convinced from the evidence that Tufele owns some land within the resurvey. However, it is impossible upon the evidence presented by Tufele to determine just what land inside the resurvey is Tufele land. This is because of the gross inaccuracy of the original survey, which did not close and from which no monument (as before stated, the orange tree, the only one mentioned in the original survey, is no longer in existence) can be located.

However, if it be conceded for Tufele's benefit that if Tufele ever did own the land on which part of Lutu's house stands inside the resurvey, he has, in our view of the weight of the evidence, lost that part through adverse possession by Lutu and Lutu's predecessors in title for 20 years. Lutu put up the first story of his house in 1947, claiming the

land on which it was erected as Lutu-Afoa-Tupua-Taesali communal land. Tufele, according to his own testimony, made no complaint to Lutu until 1957 after Lutu had added a second story. Lutu's present house has stood on the land for 17 years. There was testimony to the effect that the Lutu people had had three oblong houses (one at a time and in succession) on this spot for many years prior to 1947 when the last oblong house was torn down by Lutu and the first story of his present house was put up. Lutu testified that he was 55 years old and that the Lutu people had had a house (not the same house but three oblong houses, one following the other) on the spot where his present house is ever since he got old enough to know things. Lutu put in bananas and taro on some of the land without objection by Tufele.

We believe from the testimony that the Lutu and his predecessors in title had been in the actual, open, notorious, hostile and exclusive possession of that part of the land inside the resurvey on which part of Lutu's house stands for much more than 20 years prior to the time Tufele instituted this action on Sept. 5, 1962, and that such part is now the communal property of the Lutu-Afoa-Tupua-Taesali Family. Sec. 10.0115 of the American Samoa Code, 1961, provides that:

"Actual, open, notorious, hostile, exclusive, and continuous occupancy of real estate for the period prescribed by law as sufficient to bar an action for the recovery of real property confers a title thereto by adverse possession, which is sufficient against all. . . ."

By Sec. 3.1101(4) of the Code of 1961, actions for the recovery of real property are barred after 20 years.

Lutu is a chief and the Lutu in the Lutu-Afoa-Tupua-Taesali Family.

With respect to defendant Afoa Tupuola's house, a part

of which is on land included in the resurvey, we believe the weight of evidence is to the effect that Afoa Tupuola has been in the actual, open, notorious, hostile, exclusive and continuous occupancy of that part of the disputed land for more than 20 years preceding the institution of the present action by Tufele; and if that part of the land ever was Tufele land, title thereto has passed to Afoa's family through adverse possession. According to his testimony, Afoa Tupuola had a house on the place where his present house is located for 25 years before his present house was built. Tufele made no complaint that the old house was on his land, and he made no complaint of any kind until the construction of the new house was begun a year or two ago. Afoa Tupuola disregarded the complaint and continued building the house, telling Tufele that the land was his. Afoa Tupuola gave permission to the village to put up a latrine on the disputed land, and it was he who had the latrine taken down.

It is not necessary for us to make any determination of the ownership of the part of the land involved on which Malia's house stands, since Tufele dismissed his petition with respect to her without prejudice to further action, Malia not being in court at the time of the hearing. Lutu admitted in open court that Malia put her house up on his authority.

What we are deciding is that that part of Lutu's house inside the resurvey and that that part of Afoa Tupuola's house likewise inside the resurvey are on land belonging to the Lutu-Afoa-Tupua-Taesali Family, and that we should not order the eviction of Lutu and Afoa from their respective houses. We are making no decision as to the ownership of the land inside the resurvey except those parts occupied by parts of Lutu's and Afoa's houses respectively. It is

not necessary for us to do so. However, while it is not necessary for us to say so, we do believe from the evidence that the Tufele people do have some land within the resurvey but not those parts on which portions of the Lutu house and Afoa Tupuola's house stand.

However, it follows from what we have said that we should not have Lutu and Afoa Tupuola evicted from their respective houses as asked in the plaintiff's petition.

## ORDER

Accordingly, the plaintiff's petition is hereby dismissed with respect to defendants Lutu Simaile and Afoa Tupuola.

Costs in the sum of $44.75 are hereby assessed against Tufele, the same to be paid within 30 days.